By the Court:
The record presents the question whether or not the provision of the statute authorizing* an appeal from the order of the trustees vacating a road is confined to a review of proceedings as upon a petition in error only, or authorizes an appeal in the general sense.
The section of Revised Statutes, which provides for the vacation of a township road, is a portion of chapter 3 of title VII. It is as follows: “Section 4683. When a township road becomes useless, any one or more residents of the township may, after giving the notice required in section 4672, petition the trustees to vacate such road, and if the trustees are satisfied that the proper notice has been given, and no injustice will be done thereby, they shall, at their next regular meeting, declare the same vacated, and give notice thereof *326 to the township clerk, who shall enter the same on the records of the township; but any person in the township feeling aggrieved, shall have a right to appeal from the final decision of the trustees to the probate court in like manner as provided in chapter 4.”
Chapter 4 embraces sections 4687 to 4714, inclusive, and is entitled “Appeals in Road Cases.” The sections prior to 4697 relate in terms to appeals from proceedings before county commissioners. Subsequent sections, including 4697, relate to appeals on the part of those who claim damages, but this section is the only portion of the chapter which appears to provide in terms for appeal from the decision of the trustees of a township in a case where neither damages nor compensation is claimed. Thatsectionisasfollows: “Section4697. An appeal to the probate court, from the final decision of the trustees of the township, on any petition or report for a road, shall be allowed, and the court may order another view of the road and assessment of damages or make any other order which may be just and reasonable in the case, if the appellant enter into bond to the state, for the use of the township, in the sum of one hundred dollars, with sufficient surety, to the acceptance of the township treasurer, within fifteen days from the date of the decision of the trustees, conditioned for the payment of all costs and expenses arising-from such appeal, if the road be established, and the assessment of compensation and damages be not increased, by the proceedings had in the probate court, which appeal shall be entered with the probate judge within six days from the filing- of the bond with the township treasurer.”
It will be noted that the right of appeal is here *327 given “from the final decision of the trustees of the township, on any petition or report for a road, ” etc., and the inquiry arises whether or not this covers a case for the vacation of a road. Light will be thrown upon the true interpretation by a consideration of the statute as originally enacted, and the amendments. The act of January 27,1853, entitled “An act for opening and regulating roads and highways,” vol. 51, Ohio Laws, 303, gives authority (section 35) to township trustees tovacate township roads which have become useless, in language practically identical with the present section 4683, save that no right of appeal is given. By the act of March 7, 1861 (S. & S., 602), section 35 was amended by adding thereto this: “Provided, however, that any person in the township feeling aggrieved, shall have a right to appeal from the final decision of said trustees to the probate court in like manner as set forth in the thirty-third section of the above recited act.” Section 33, referred to, as originally enacted and as it stood when the above amendment to section 35 was made, had no provision covering a case for damages or compensation (the amendment incorporating the present provisions in that regard having been enacted May 4, 1877), but otherwise was practically identical with the present section 4697. The incorporation of a right of appeal in section 35, by amendment, raises an implication that no right of appeal had theretofore existed, and when the provision thus made points out the way the right is to be made available, to wit: in like manner as set forth in the thirty-third section, the inference is that an appeal cannot be had by virtue of any other provision or authority. It follows that the words “for a road,” as originally used, should be con *328 strued to include as well a proceeding for the vacation of a road as for its establishment or alteration. . And, inasmuch as, where the statutes have been revised and consolidated, the strong presumption is that the same construction that would have been required before the change should be applied to the revised form, notwithstanding language may have been changed, it also follows that the words of section 4683, “as provided in chapter 4,” imply that the appeal is governed by section 4697, and not by preceding sections of chapter 4. This is a general appeal, and while the language of the section is somewhat involved, and while it makes provisions concerning proceedings other than for vacation, nevertheless does authorize the court, in cases of vacation, to make an order for another view of the road, or any other order which is just and reasonable. This the probate court undertook to do in the present case, and, for ought that appears, its action was regular.
We are not concerned to inquire whether its order reversing the order of the trustees was or not erroneous, for, if the appeal took up the case on its merits, as we hold it did, the action referred to becomes unimportant.
Other questions are argued, but it is not necessary to consider them.
It follows that in reversing the order and judgment of the probate court the circuit court erred.
The judgments of the circuit and common pleas courts will be reversed, and that of the probate corny affirmed.